UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASTRONARDI PRODUCE LIMITED,<br><br>                                          Plaintiff,<br><br>      -against-<br><br>IPPOLITO FRUIT AND PRODUCE LTD.<br>and IPPOLITO INTERNATIONAL, LP,<br><br>                                          Defendants. | Case No. _____<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Mastronardi Produce Limited ("**Mastronardi**"), in this declaratory judgment action against Defendants Ippolito Fruit and Produce Limited ("**Ippolito Ltd.**") and Ippolito International ("**Ippolito Int'l**") (Ippolito Ltd. and Ippolito Int'l collectively are "**Ippolito**"), alleges as follows:

## INTRODUCTION

1. For nearly 70 years, Mastronardi has been a family-operated grower, manufacturer, and distributor of fresh produce. Mastronardi and its affiliates are one of the largest fresh vegetable greenhouse operations in North America. Mastronardi's fresh produce products include grocery staples such as tomatoes, peppers, cucumbers, and berries, as well as meal kits.

2. Mastronardi has enjoyed success for so many generations by innovating and bringing new products to market. One such innovation is Mastronardi's QUEEN OF GREENS® brand of packaged salad greens, which uses bold, curvilinear designs, fresh, energetic font, and bears the image of a queen inviting the consumer to purchase an array of leafy greens.

1

3. Around the time of a new advertising campaign and associated website launch for the QUEEN OF GREENS®, Ippolito sent a letter claiming that the QUEEN OF GREENS® mark infringed on their QUEEN VICTORIA® brand.

4. As the images below illustrate, the standard, staid packaging of the QUEEN VICTORIA® brand bears little to no resemblance to the vibrant packaging for the QUEEN OF GREENS®, suggesting the demand letter was a ploy to disrupt Mastronardi's campaign launch. The continuing cloud of litigation posed by Ippolito's unwithdrawn threat, in tandem with its subsequent conduct described below, require Mastronardi to seek a declaratory judgment that QUEEN OF GREENS® does not infringe QUEEN VICTORIA®.

## PARTIES

5. Mastronardi is a corporation organized under the laws of Canada, having its principal business address at 2100 Road 4 E, Kingsville, Ontario N9Y 2E5, Canada. Mastronardi has a United States-based affiliate, Mastronardi Produce-USA, Inc.

6. Ippolito Ltd. is, on information and belief, a corporation organized under the laws of Canada, having a principal place of business at 201 North Service Road, Burlington, Ontario L7P 5C4, Canada (near Toronto).

7. Ippolito Int'l is, on information and belief, a limited partnership organized under the laws of California, having a principal place of business at 1067 Merrill Street, Salinas, California 93908.

8. Ippolito sources vegetables from two Canadian provinces, six U.S. states, and Mexico and then processes, packs, and distributes those goods to stores throughout Canada and the United States. In particular, Ippolito supplies its products, including QUEEN VICTORIA®-marked lettuce, to grocery stores in this district for purchase by consumers in this district.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

10. This Court also has jurisdiction under 28 U.S.C. § 2201 to declare the rights of any party seeking a declaration under Section 39 of the Lanham Act, 15 U.S.C. § 1121.

11. This Court has personal jurisdiction over Ippolito Ltd. for at least the reason that Ippolito is a Canadian corporation having shipped and sold its products bearing the QUEEN VICTORIA® mark in this forum, and therefore having purposefully availed itself of the privilege of conducting activities in this forum.

12. This Court has personal jurisdiction over Ippolito Int'l for at least the reason that Ippolito ships and sells its products bearing the QUEEN VICTORIA® mark in this forum, and therefore has purposefully availed itself of the privilege of conducting activities in this forum.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c). With respect to Ippolito Ltd., venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). With respect to Ippolito Int'l, venue is proper as to a defendant entity in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

### MASTRONARDI

14. Mastronardi offers its fresh produce products to the public under a number of distinctive brands, often in conjunction with its registered house mark SUNSET® (shown below)



3

and under a number of other distinctive brands as well, including the registered trademarks CAMPARI®, FLAVOR BOMBS®, ANGEL SWEET®, SPRINKLES®, ONE SWEET®, and WILD WONDERS®.

15. Mastronardi's products are characterized by unique brand names and brightly colored, aesthetically pleasing packages:

  

 

**QUEEN OF GREENS®**

16. On September 22, 2020, Mastronardi filed United States Application Serial No. 90,205,962 (the "**'962 Application**") with the United States Patent and Trademark Office ("**USPTO**") seeking registration of the mark QUEEN OF GREENS® for use in connection with fresh vegetables.

4

17. On or about September 24, 2020, Mastronardi launched QUEEN OF GREENS®, including the website www.trustthequeen.com.  The launch positioned the QUEEN OF GREENS® as the go-to brand for healthy, environmentally conscious consumers with a taste for bold, fresh flavors.

18. Products bearing the QUEEN OF GREENS® mark are grown in protected hydroponic greenhouses, which reduces water and pesticide use, limits travel time so the produce arrives fresh, and provides a host of other benefits compared to traditional farming techniques.

19. As shown below, QUEEN OF GREENS® branded products are presented to consumers with bright, energetic colors (most prominently pink, red, green, teal, yellow, and orange), artistic curved lines, and brush-stroke font laid over an otherwise clear package to allow the consumer to see the produce inside.  The rhyming words "QUEEN" and "GREENS" are formatted such that the letters "E", "E", and "N" align, as the two words are displayed in the same size and font lettering:

  

  

20. QUEEN OF GREENS® branded products bear the image of the face, head, and shoulders of a female character with green hair and green accessories printed prominently on the packaging. This character is currently depicted facing the customer and making direct eye contact, thereby evoking feelings of confidence and modernity.

21. QUEEN OF GREENS® branded products are presented to consumers with a distinctive description that evokes both the actual produce contained in the packaging and the image of the QUEEN OF GREENS® brand (*e.g.*, FEARLESS LEAF™, SPIRITED SPRING MIX™, FIERCE MIX™, LAVISH LEAF™, UNRULY ARUGULA™, and RAGING ROMAINE™).

**IPPOLITO'S QUEEN VICTORIA® MARK**

22. Ippolito produces and sells certain vegetable products in Canada and the United States under the mark QUEEN VICTORIA®:



23. Ippolito's products bearing the QUEEN VICTORIA® mark include various kinds of lettuce and leafy greens, as pictured:



24. Ippolito does not market any products marked with only "QUEEN," rather than QUEEN VICTORIA®. In fact, Ippolito's website copy explains the company chose its QUEEN VICTORIA® mark "in a nod to the patriotism gripping" Canada after World War II "and to

7

celebrate Canada's Monarch."[1] Thus, "VICTORIA"—not "QUEEN"—predominates Ippolito's mark.

## THIRD-PARTY FRESH PRODUCE PACKAGING

25. Unlike the Mastronardi products mentioned above, the products sold under the QUEEN VICTORIA® mark are offered for sale to the public in packaging, and using colors, similar to many other third-party products. These similarities include the use of the color purple, the description of the product, and the text formatting and font:



| Ippolito Products | |
| --- | --- |
| Third-Party Products | |

## IPPOLITO THREATENS LEGAL ACTION

26. As alleged in paragraph 16 above, Mastronardi filed the '962 Application on September 22, 2020.

---

[1] *Our Story*, IPPOLITO FRUIT & PRODUCE LTD., https://www.ippolitoproduce.com/our-story/ [https://web.archive.org/web/20220914233118/https://www.ippolitoproduce.com/our-story/] (last visited September 14, 2022).

27. On information and belief, Ippolito filed a letter of protest with the USPTO protesting against the registration of the '962 Application for QUEEN OF GREENS®. By doing so, Ippolito made the USPTO expressly aware of the existence of Ippolito's Trademark U.S. Registration Nos. 1500712, 3586690, 6215127, 6215128, and 6225958, all of which were directed to versions of Ippolito's QUEEN VICTORIA® mark.

28. In a letter Ippolito sent to Mastronardi, dated November 25, 2020, **Exhibit A**, Ippolito accused Mastronardi of willfully infringing Ippolito's QUEEN VICTORIA® mark and demanded that Mastronardi withdraw the '962 Application, and cease all use of the word "QUEEN" or any variant or homophone thereof as a mark.

29. Mastronardi responded to Ippolito's letter on December 10, 2020, **Exhibit B**. In its response, Mastronardi explained that there are several other "QUEEN" marks already registered for use, including certain of the brands noted below in paragraph 35. Mastronardi also detailed that given the overall impression, branding, color, and "green queen" character present on Mastronardi's packaging, there was no likelihood of confusion between Ippolito's QUEEN VICTORIA® products and Mastronardi's QUEEN OF GREENS® products. Mastronardi noted that there was no good reason why Ippolito should disregard or relegate the dominant part of its mark, "VICTORIA," and claim exclusivity to "QUEEN."

30. On information and belief, Ippolito received Mastronardi's response letter dated December 10, 2020 and, to Mastronardi's knowledge, has never responded. This failure means that Mastronardi must assume that Ippolito's express litigation threats remain unchanged and unwithdrawn.

31. On March 15, 2022, the USPTO published the '962 Application for a thirty-day public opposition period.

32. Ippolito did not file an opposition to the registration of the mark of the '962 Application or file a request for an extension of time to oppose the registration.

33. On August 23, 2022, the '962 Application was issued by the USPTO as United States Registration No. 6,828,472, directed to use of the QUEEN OF GREENS® mark in connection with fresh vegetables.

### THE CURRENT STATE OF THE DISPUTE

34. Mastronardi and Ippolito have never resolved the claims articulated in the letters of fall 2020.

35. Based on the last communication that Mastronardi has received, Ippolito continues through today to claim an exclusive right to use the word "QUEEN" in connection with fresh vegetables, despite the use of "QUEEN" by third parties in the vegetables and related market space, including GARDEN QUEEN® brand and HARVEST QUEEN® brand, and others:



Garden Queen, fresh vegetables



Harvest Queen, fresh tomatoes



Quincy Queen, fresh vegetables



Delta Queen, potatoes



Crimson Queen, fresh tomatoes



Sonora Queen, fresh vegetables

36. Ippolito makes this claim despite not holding any United States registration directed to use the term "QUEEN" by itself in connection with any goods or services nor, on information and belief, has Ippolito ever sought to do so.

37. Each United States registration held by Ippolito that is directed to a mark that includes the word "QUEEN" also includes the word "VICTORIA." Ippolito's mark is QUEEN VICTORIA®, not the term "QUEEN" by itself. Ippolito therefore has neither ownership of nor the right to exclude others from using the word "QUEEN" on packaging of fresh produce.

38. Ippolito routinely uses the color purple in the current branding for its QUEEN VICTORIA® products, which does not bear any resemblance to packaging used for QUEEN OF GREENS® products.

39. Without prompt declaratory relief, Mastronardi's rights are threatened while Ippolito could lie in wait for years and then assert claims for tens or even hundreds of millions of dollars. While, for the reasons explained above, Mastronardi would expect any such claim to fail, Mastronardi cannot operate its business with that cloud of uncertainty.

40. This Court should enter a judgment that Mastronardi does not violate Ippolito's rights.

## COUNT I

## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

41. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 40 inclusive, as though fully set forth herein.

42. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

43. Ippolito has accused Mastronardi of infringing Ippolito's QUEEN VICTORIA® mark as a result of Mastronardi's use of Mastronardi's QUEEN OF GREENS® mark. Mastronardi denies any infringement or wrongdoing.

44. Mastronardi denies that its use or registration of the QUEEN OF GREENS® mark violates whatever federal or state rights Ippolito might have in its QUEEN VICTORIA® marks.

45. Based on the allegations above, there is an actual and substantial controversy between Mastronardi and Ippolito, who have adverse legal interests. The dispute between Mastronardi and Ippolito is substantial, definite, concrete and immediate, and not hypothetical.

46. Despite what Ippolito has explicitly alleged in its letter, the use by Mastronardi of its QUEEN OF GREENS® trademark will not violate any rights Ippolito might have pursuant to 15 U.S.C. § 1114 or any analogous state law trademark rights.

47. Mastronardi's QUEEN OF GREENS® mark is not confusingly similar to Ippolito's QUEEN VICTORIA® mark.

48. Mastronardi's use of its QUEEN OF GREENS® mark will not mislead consumers into believing that its goods originate or are authorized by Ippolito.

49. Mastronardi's use of its QUEEN OF GREENS® mark, as displayed in the packaging shown in paragraph 19, *supra*, will not mislead consumers into believing that its goods originate or are authorized by Ippolito.

50. Ippolito's assertions, its protest to the USPTO, and its threat to file a lawsuit irreparably injure Mastronardi and adversely affect its business and the large investment it has made in (1) developing and preparing to launch its products associated with the QUEEN OF GREENS® trademark and (2) securing the registration of the QUEEN OF GREENS® trademark.

51. In order to resolve the legal and factual questions raised by Ippolito and to afford relief from the uncertainty and controversy that Ippolito's assertions have precipitated, Mastronardi is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201, 2202; 15 U.S.C. § 1119.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mastronardi respectfully requests judgment against Ippolito as follows:

(a) Mastronardi's QUEEN OF GREENS® trademark does not violate Ippolito's rights under the trademark laws of the United States;

(b) Mastronardi's QUEEN OF GREENS® trademark is not confusingly similar to Ippolito's QUEEN VICTORIA® marks as will be used in its business and does not constitute trademark infringement under 15 U.S.C. § 1114;

(c) Mastronardi has the right to use the QUEEN OF GREENS® trademark in connection with the sale of fresh vegetables free from interference by Ippolito, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and any and all persons acting in active concert or participation with or under authority from Ippolito;

(d) Ippolito, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and any and all persons in active concert or participation with or under authority from Ippolito, be enjoined permanently from:

    i. interfering with or threatening to interfere with use of the QUEEN OF GREENS® trademark by Mastronardi, its related companies, and their respective successors or assigns, downstream licensees, distributors, wholesalers, or retailers, in connection with its or their business; and

    ii. instituting or prosecuting any suit or other proceeding placing in issue the right of Mastronardi, its related companies, and their respective successors or assigns, downstream licensees, distributors, wholesalers, or retailers to register or otherwise use the QUEEN OF GREENS® trademark with or without a logo in connection with fresh produce;

(e) That as between Ippolito and Mastronardi, Mastronardi is entitled to register its QUEEN OF GREENS® mark with the USPTO;

(f) Mastronardi be awarded its reasonable attorneys' fees against Ippolito under 15 U.S.C. § 1117, this case being exceptional; and

(g) Mastronardi be granted such other further and general relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Mastronardi respectfully requests a jury trial of all issues so triable.

Dated: September 20, 2022

Respectfully submitted,
DAVIS POLK & WARDWELL LLP

*/s/ Ashok Ramani*

Ashok Ramani (*pro hac vice* forthcoming)
1600 El Camino Real
Menlo Park, California 94025
Tel:   (650) 752-2000
Email: ashok.ramani@davispolk.com

Charlotte M. Savino
Alena Farber
450 Lexington Avenue
New York, New York 10017
Tel:   (212) 450-4000
Email: charlotte.savino@davispolk.com
           alena.farber@davispolk.com

DINSMORE & SHOHL LLP
Mark Schneider (*pro hac vice* forthcoming)
900 Wilshire Drive Suite 300
Troy, Michigan 48084
Tel:   (248) 647-6000
Email: mark.schneider@dinsmore.com

*Counsel for Plaintiff
Mastronardi Produce, Ltd.*