## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| MASTRONARDI PRODUCE LIMITED, |
| Plaintiff, |
| v. |
| IPPOLITO FRUIT AND PRODUCE LTD, |
| and |
| IPPOLITO INTERNATIONAL, LP, |
| Defendants. |

Case No. 1:22-cv-08041 (AKH)

## <u>DEFENDANTS' ANSWER AND COUNTERCLAIMS</u>

Defendants, Ippolito Fruit and Produce LTD and Ippolito International, LP (collectively "Ippolito"), by its undersigned counsel, answers the Complaint of Plaintiff Mastronardi Produce Limited, ("Plaintiff" or "Mastronardi"), as follows:

### RESPONDING TO THE COMPLAINT'S ALLEGATIONS

1.      Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint and therefore denies the same.

2.      Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the complaint and therefore denies the same.

3.      Ippolito admits it sent Mastronardi a letter regarding Mastronardi's infringement of certain Ippolito trademarks, however, Ippolito lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of the complaint and therefore denies the same.

4.      Ippolito denies the allegations in paragraph 4 of the complaint.

5.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the complaint and therefore denies the same.

6.     Ippolito admits the allegations of paragraph 6 of the complaint.

7.     Ippolito admits the allegations of paragraph 7 of the complaint.

8.     Ippolito admits the allegations of paragraph 8 of the complaint to the extent that it does source and distribute goods as stated, however, Ippolito denies the allegations to the extent this statement is meant to limit the scope of Ippolito's commercial activities as it is not a complete description of the manner in which it provides its goods to consumers.

9.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the complaint and therefore denies the same.

10.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the complaint and therefore denies the same.

11.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the complaint and therefore denies the same.

12.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the complaint and therefore denies the same.

13.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the complaint and therefore denies the same.

14.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the complaint and therefore denies the same.

15.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint and therefore denies the same.

16.     Ippolito admits the allegations of paragraph 16 of the complaint.

17.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint and therefore denies the same.

18.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the complaint and therefore denies the same.

19.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint and therefore denies the same.

20.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint and therefore denies the same.

21.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the complaint and therefore denies the same.

22.     Ippolito admits the allegations in paragraph 22 of the complaint.

23.     Ippolito admits the allegations in paragraph 23 of the complaint.

24.     Ippolito admits that its website includes an "our story" link where its history is discussed but denies the remaining allegations.

25.     Ippolito denies the allegations in paragraph 25 of the complaint.

26.     Ippolito admits the allegations of paragraph 26.

27.     Ippolito admits that it filed a letter of protest but denies the remaining allegations to the extent they mischaracterize the contents of the letter.

28.     Ippolito admits that it sent a letter but denies the remaining allegations to the extent they mischaracterize the contents of the letter.

29.     Ippolito admits Mastronardi responded to the letter but denies the remaining allegations to the extent they mischaracterize the contents of the letter.

30.     Ippolito admits it received Mastronardi's response letter but denies the remaining allegations.

31.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the complaint and therefore denies the same.

32.     Ippolito admits the allegations of paragraph 32 of the complaint.

33.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the complaint and therefore denies the same.

34.     Ippolito admits the allegations of paragraph 34 in as much as the parties have not executed a formal settlement agreement.

35.     Ippolito denies the allegations of paragraph 35 in the complaint as a mischaracterization of its position on its rights.

36.     Ippolito denies the allegations of paragraph 36 in the complaint as a mischaracterization of its position on its rights.

37.     Ippolito admits that it does not own a trademark registration of the individual term QUEEN but otherwise denies the allegations of paragraph 37 of the complaint.

38.     Ippolito admits that it uses the color purple but otherwise denies the allegations of paragraph 38 of the complaint.

39.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the complaint and therefore denies the same.

40.     Ippolito denies the allegations in paragraph 40 of the complaint.

41.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the complaint and therefore denies the same.

42.     Ippolito admits the allegations of paragraph 42.

43.     Ippolito denies the allegations of paragraph 43.

44.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the complaint and therefore denies the same.

45.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the complaint and therefore denies the same.

46.     Ippolito denies the allegations of paragraph 46.

47.     Ippolito denies the allegations of paragraph 47.

48.     Ippolito denies the allegations of paragraph 48.

49.     Ippolito denies the allegations of paragraph 49.

50.     Ippolito lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the complaint and therefore denies the same.

51.     Ippolito denies the allegations of paragraph 51.

## <u>COUNTERCLAIMS</u>

52.     Defendants and Counterclaim-Plaintiffs, Ippolito Fruit and Produce LTD and Ippolito International, LP ("Counterclaim-Plaintiffs" or, collectively, "Ippolito"), by their undersigned counsel, counterclaim against Plaintiff and Counterclaim-Defendant Mastronardi Produce Limited ("Counterclaim-Defendant" or "Mastronardi"), and allege as follows:

### PRELIMINARY STATEMENT

53.     This is an action for infringement of Ippolito's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising from the Mastronardi's unauthorized use of the mark QUEEN OF GREENS, plus design,

in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of produce and vegetable products.

54.     Ippolito seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

55.     The Court has subject matter jurisdiction over Ippolito's counterclaims under 28 U.S.C. § 1367(a) because they are so related to Mastronardi's claims that they form part of the same case or controversy under Article III of the United States Constitution.

56.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, in that Mastronardi is subject to personal jurisdiction in this district with respect to this action, and in that there is no other district in which the action may otherwise be brought.

## PARTIES

57.     Counterclaim-Plaintiffs Ippolito Fruit and Produce LTD and Ippolito International, LP, are Canadian business entities that are producers and purveyors of fresh vegetable products that are widely distributed throughout the United States.

58.     Upon information and belief, Counterclaim-Defendant Mastronardi Produce Limited is a Canadian corporation that is also a producer and purveyor of vegetable products, and is a direct competitor to Ippolito.

## FACTS

59.     Ippolito is the owner of many valid and subsisting United States trademark registrations on the Principal Register in the United States Patent and Trademark Office, including the following:



Registration No. 1500712 registered August 16, 1988                    registered for "fresh vegetables, namely spinach, and radishes,"



Registration No. 3586690 registered March 10, 2009                    registered for "fresh vegetables,"

Registration No. 6215127 registered December 8, 2020 **QUEEN VICTORIA** registered for "fresh vegetables, excluding rhubarb,"



Registration No. 6215128 registered December 8, 2020                    registered for "fresh vegetables, excluding rhubarb," and



Registration No. 6225958 registered December 8, 2020                    registered for "fresh organic vegetables, excluding rhubarb and organic rhubarb."

60.     Ippolito has used the QUEEN VICTORIA mark in commerce throughout the United States continuously since at least as early as 1985 and such marks have been in existence since at least 1947, in connection with the production, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of vegetable produce.

61.     Because of its widespread, continuous, and exclusive use of the QUEEN VICTORIA Mark to identify its vegetables and Ippolito as their source, Ippolito owns valid and subsisting federal statutory and common law rights to the QUEEN VICTORIA Mark in both standard character and design forms.

62.     Ippolito's marks are distinctive to both the consuming public and within Ippolito's trade.

63.     Ippolito has expended substantial time, money, and resources marketing, advertising, and promoting the vegetables sold under the QUEEN VICTORIA Mark.

64.     Because of Ippolito's expenditures and efforts, the QUEEN VICTORIA Marks have come to signify the high quality of the vegetables designated by the Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Ippolito.

65.     In use, Ippolito often incorporates distinctive purple coloring as a background for its mark, as illustrated in the following image:



66.   Without Ippolito's authorization, and upon information and belief, beginning after Ippolito acquired protectable exclusive rights in its Queen Victoria Marks, Mastronardi adopted and began using the QUEEN OF GREENS mark (hereinafter, the "Infringing Mark"), including extremely similar design components, in commerce in the United States.

67.   The Infringing Mark adopted and used by Mastronardi is confusingly similar to Ippolito's QUEEN VICTORIA marks. In addition to the fact that both marks have identical leading terms, the accompanying design components are highly similar, for example, following is one example of infringing packaging wherein the term QUEEN is shown in large white lettering, a similar purple is prominently featured, and a similar crown design is incorporated:



68.   Upon information and belief, Mastronardi has been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of vegetables using the Infringing Mark throughout the United States.

69.     Upon information and belief, Mastronardi has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its vegetables under the Infringing Mark through trade channels that overlap entirely with Ippolito's trade channels.

70.     Upon information and belief, Mastronardi has marketed, advertised, and promoted its vegetables under the Infringing Mark through advertising and promotional channels that overlap entirely with Ippolito.

71.     Following is an example of a digital trade publication that features a story about Ippolito in the center. The frame around the Ippolito story has been configured to display advertisements for products similar to those in the story, in this instance, Mastronardi products. The example clearly demonstrates that the distinction between the brands is indistinguishable:



72.     Upon information and belief, Mastronardi offers and sells its goods under the Infringing Mark to the same class of consumers that Ippolito sells too.

73.     Upon information and belief, the goods Mastronardi offers under the Infringing Mark are identical to the goods offered under the Ippolito mark.

74.     On November 25, 2020, Ippolito's counsel sent a cease and desist letter to Mastronardi objecting to Mastronardi's use of the Infringing Mark.

75.     To date, Ippolito has no evidence that Mastronardi has complied with the demands set out in the November 25, 2020, cease and desist letter.

76.     Mastronardi's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Mastronardi's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Mastronardi's goods originate from, are associated or affiliated with, or otherwise authorized by Ippolito.

77.     Upon information and belief, Mastronardi's acts are willful with the deliberate intent to trade on the goodwill of Ippolito's QUEEN VICTORIA Marks, cause confusion and deception in the marketplace, and divert potential sales of Ippolito's vegetables to Mastronardi .

78.     Mastronardi's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Ippolito and to its valuable reputation and goodwill with the consuming public for which Ippolito has no adequate remedy at law.

**FIRST COUNTERCLAIM**
**Federal Trademark Infringement**

79.     Ippolito repeats and realleges paragraphs 52 through 78 hereof, as if fully set forth herein.

80.     Mastronardi's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Mastronardi's goods, and is likely to cause consumers to believe, contrary to fact, that

11

Mastronardi's goods are sold, authorized, endorsed, or sponsored by Ippolito, or that Mastronardi is in some way affiliated with or sponsored by Ippolito. Mastronardi's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

81.     Upon information and belief, Mastronardi has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the QUEEN VICTORIA Marks and with the willful intent to cause confusion and trade on Ippolito's goodwill.

82.     Mastronardi's conduct is causing immediate and irreparable harm and injury to Ippolito, and to its goodwill and reputation, and such conduct will continue to both damage Ippolito and confuse the public unless enjoined by this court. Ippolito has no adequate remedy at law.

83.     Ippolito is entitled to, among other relief, injunctive relief, and an award of actual damages, Mastronardi's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND COUNTERCLAIM
### Federal Unfair Competition

84.     Ippolito repeats and realleges paragraphs 52 through 83 hereof, as if fully set forth herein.

85.     Mastronardi's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Mastronardi's goods, and is likely to cause consumers to believe, contrary to fact, that Mastronardi's goods are sold, authorized, endorsed, or sponsored by Ippolito, or that Mastronardi is in some way affiliated with or sponsored by Ippolito.

86.     Mastronardi's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

87.     Upon information and belief, Mastronardi's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Mastronardi with Ippolito.

88.     Mastronardi's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.     Mastronardi's conduct as alleged herein is causing immediate and irreparable harm and injury to Ippolito, and to its goodwill and reputation, and will continue to both damage Ippolito and confuse the public unless enjoined by this court. Ippolito has no adequate remedy at law.

90.     Ippolito is entitled to, among other relief, injunctive relief and an award of actual damages, Mastronardi's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD COUNTERCLAIM**
**Cancellation of Mastronardi Registration**

91.     Ippolito repeats and realleges paragraphs 52 through 90 hereof, as if fully set forth herein.

92.     Ippolito is likely to be irreparably harmed by the continued registration of Mastronardi's U.S. Trademark Registration No. 6,828,472 in that the Mastronardi Mark so resembles the Ippolito's Marks as to be likely, when used in connection with the Mastronardi

goods, to cause confusion, mistake, or deception within the meaning of 15 U.S.C. section 1052(d).

93.     Because of the foregoing, Trademark Registration No. 6,828,472 should be cancelled, pursuant to Lanham Act § 37 (15 U.S.C. § 1119).

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-plaintiff Ippolito respectfully requests that the Court enter judgment as follows:

A.      Dismissing Mastronardi's claims with prejudice;

B.      On Ippolito's First Counterclaim, declaring that Mastronardi has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

C.      On Ippolito's Second Counterclaim, declaring that Mastronardi has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

D.      On Ippolito's Third Counterclaim, ordering the cancellation of Trademark Registration No. 6,828,472 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119);

E.      Granting an injunction permanently enjoining Mastronardi from manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote vegetables bearing the mark Infringing Mark;

F.      Awarding Counterclaim-Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

G.      Directing that Mastronardi account to and pay over to Ippolito all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Ippolito for the damages caused thereby;

H.      Awarding Counterclaim-Plaintiffs their reasonable costs and fees including attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

I.      Granting Ippolito such other and further relief as this Court deems just and proper.

14

Dated:  December 5, 2022

By: */s/ Alfred J. Falzone III*

Alfred J. Falzone III (NY Bar # 5418777)
Jeffrey Joyce (*pro hac vice* forthcoming)
EATON PEABODY
100 Middle Street, 2nd Floor
Portland, Maine 04101-5235
(207) 274-5266
afalzone@eatonpeabody.com
jjoyce@eatonpeabody.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the parties registered with the CM/ECF system.


Dated:  December 5, 2022                              /s/ Alfred J. Falzone, III
                                                     Alfred J. Falzone, III